NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-1355                                    Appeals Court

COMMONWEALTH vs. RAYMOND HAMPTON.

No. 16-P-1355.

Barnstable.     June 5, 2017. - July 24, 2017.

Present: Sullivan, Henry, & Shin, JJ.

Indecent Assault and Battery. Minor. Evidence, Admissions and
    confessions, Relevancy and materiality.

Complaint received and sworn to in the Barnstable Division
of the District Court Department on November 2, 2015.

The case was tried before John M. Julian, J.

Darla J. Mondou for the defendant.
Elizabeth M. Carey, Assistant District Attorney, for the
Commonwealth.

SULLIVAN, J. The defendant, Raymond Hampton, appeals from

his conviction of indecent assault and battery on a minor under

the age of fourteen, in violation of G. L. c. 265, § 13B.[1] The

_____

[1] The defendant was charged with two counts of indecent
assault and battery on a minor under the age of fourteen; he was
acquitted of one charge.

defendant contends that the trial judge abused his discretion when he allowed the Commonwealth to introduce evidence that the defendant had watched adult pornography.  We agree that the admission of this evidence was error, but, under the circumstances presented, we affirm.

Background.  Adele[2] testified that she lived at home with her parents, her sister, other tenants, and the defendant.  The defendant was the child's great uncle.  While living in the home, the defendant slept in a bedroom belonging to Adele and her sister.  For this reason, the sisters slept on the couch or with their parents.  The sisters often went back to the bedroom to play games, get toys, or watch movies on the defendant's computer.

On October 1, 2015, Adele, then nine years old, was in the defendant's room, when the defendant grabbed her wrist tightly. At trial she testified that he put her hand under his clothes, forcing her to touch the skin of his penis.  Before trial, Adele told an interviewer that the defendant forced her to touch him over his clothes.  Adele also testified at trial that the defendant touched her chest, a fact not previously reported.

---

[2] A pseudonym.

Adele told her sister about the incident the next day, but told her not to tell anybody.

The second reported incident occurred on October 4, 2015. Adele testified that the defendant touched her vagina with his finger, under her clothes, and caused her to bleed. The defendant told her not tell anybody about what happened. Adele told her sister about this incident at some later point.

Adele did not tell anyone else about the incidents until October 21, when she told her counselor. The counselor then called the child's parents, who called the police.[3]

The defendant was arrested on October 30, 2015. During an interview with Detective David Foley, the defendant denied the allegations of abuse. He also denied watching pornography with the children. The detective asked the defendant whether, if he got a search warrant for the computer, he would find any pornography related to children. The defendant told the detective that "he had recently watched a pornographic movie involving two Chinese girls, but that they were not children."

Before trial, the defendant filed a motion in limine to exclude testimony regarding his statement, and any description

---

[3] The counselor testified as a designated first complaint witness. The defendant did not object to Adele's testimony that she had also told others. At trial, inconsistencies in the child's reports formed one basis of the defense.

or portrayal of the images found after a forensic analysis of the computer.  The trial judge allowed the motion in part, ruling that the images could not be introduced, but that the detective would be allowed to testify to what the defendant said.[4]  At trial, the defendant renewed his objection, which was overruled.[5]

Discussion.  The defendant contends that the trial judge abused his discretion when he allowed the Commonwealth to introduce evidence that the defendant had recently watched adult pornography.  We review the trial judge's ruling for prejudicial error.  Commonwealth v. Coates, 89 Mass. App. Ct. 728, 732 (2016).

---

[4] The defendant waived his Miranda rights.

[5] At the time of the motion in limine, the prosecutor represented that the child had seen a pornographic cartoon on the defendant's computer.  No cartoon pornography was found on the computer.  Over objection, the judge allowed testimony about the defendant's statement, and the detective's description of what he found, but not the pictures or videos themselves.  At trial, the child testified, over objection, that she saw something she shouldn't have on the defendant's computer, without elaboration.  The detective testified to what the defendant said, but nothing else.  The judge admitted the statement on the basis that "this is a sex crime," but later, at the defendant's urging, precluded the prosecutor from using the statement for impeachment purposes and barred any reference to it in closing argument.  Because the interview with the defendant was not recorded, the judge also gave a DiGiambattista instruction.  See Commonwealth v. DiGiambattista, 442 Mass. 423 (2004).

1.  Relevance.  "All evidence, including that of a violent or sexual nature, must meet the threshold test of relevancy." Id. at 738, quoting from Commonwealth v. Carey, 463 Mass. 378, 387 (2012).  Irrelevant evidence is not admissible.  Mass. G. Evid. § 402 (2017).  "To be relevant, evidence 'must have a "rational tendency to prove an issue in the case,"' or 'render[] the desired inference more probable than it would have been without it.'"  Coates, supra, quoting from Commonwealth v. Petrillo, 50 Mass. App. Ct. 104, 107-108 (2000).  We agree, and the Commonwealth properly concedes, that the detective's testimony that the defendant admitted to recently watching adult pornography was wholly irrelevant to prove the charges of sexual assault on a child.  Moreover, the statement did not corroborate any aspect of the child's trial testimony, nor was the evidence probative of the defendant's state of mind, that is, a sexual interest in children.  See Commonwealth v. Jaundoo, 64 Mass. App. Ct. 56, 63-64 (2005); Commonwealth v. Christie, 89 Mass. App. Ct. 665, 671-672 (2016).  Contrast Commonwealth v. Halsey, 41 Mass. App. Ct. 200, 203-204 (1996); Commonwealth v. Vera, 88 Mass. App. Ct. 313, 322 (2015).  Once it became apparent that there would be no testimony that the defendant showed Adele the adult pornography found on his computer, the defendant's statement became irrelevant.  See Jaundoo, supra at 63 ("Moreover, there is no indication on the record that much of

the material . . . bore any probative weight toward corroborating the complainant's testimony"). The testimony should have been excluded.

2. Prejudice. It remains to assess whether the error was so prejudicial as to warrant a new trial. Here the objection to the evidence was repeatedly preserved. See note 5, supra. In these circumstances, a conviction will be affirmed only if the appellate court can say "with fair assurance . . . that the judgment was not substantially swayed by the error." Commonwealth v. Meas, 467 Mass. 434, 455, cert. denied, 135 S. Ct. 158 (2014), quoting from Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).

As the defendant points out, there was no limiting instruction cautioning the jury not to conflate an interest adult pornography with a propensity to engage in sexual behavior with children. Compare Christie, 89 Mass. App. Ct. at 670. The case rested largely if not exclusively, on the jury's assessment of the credibility of Adele and the defendant, who testified. However, the improper testimony consisted of a single reference on direct examination of the detective, and a passing reference in the ensuing cross-examination. "[T]he inflammatory potential of the pornographic material was diminished by the fact" that only the statement that the defendant watched adult pornography, "and not the images, was submitted to the jury." Coates, 89

Mass. App. Ct. at 740. Contrast Jaundoo, 64 Mass. App. Ct. at 63-64. The judge also precluded cross-examination of the defendant on this topic. At the judge's direction, no reference was made to the statement in closing arguments. Compare Commonwealth v. Wallace, 70 Mass. App. Ct. 757, 769-770 (2007).

Most importantly, the defendant was acquitted of one of the indecent assault and battery charges. As noted above, the child's version of events at trial was contradicted by other testimony. The acquittal indicates that the jury parsed the evidence carefully and "suggest[s] that [the evidence] did not have a prejudicial effect on the jury." Petrillo, 50 Mass. App. Ct. at 109-110. That is, "the conviction is sure that the error did not influence the jury, or had but very slight effect." Flebotte, 417 Mass. at 353.

Judgment affirmed.